THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
**IN ADMIRALTY**


CASE NO.: 6:23-cv-02315-PGB-LHP


IN THE MATTER OF:

THE COMPLAINT OF BEYEL BROTHERS, INC., AS OWNER OF THE TUG *MEGAN BEYEL* (ON: 608097), ITS ENGINES, TACKLE, APPURTENANCES, EQUIPMENT, ETC., IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY,

Petitioner.
_____/


**BEYEL BROTHERS, INC.'S OBJECTION, REPLY TO AFFIRMATIVE
DEFENSES, ANSWER, AND AFFIRMATIVE DEFENSES**

Petitioner BEYEL BROTHERS, INC. ("Petitioner"), as owner of the towing vessel *MEGAN BEYEL* (ON: 608097) (the "Vessel"), pursuant to Rule F, Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedures, files its Objection, Reply to Affirmative Defenses, Answer, and Affirmative Defenses to the Claim of DEXTER DOUGLAS ("Douglas"), and states.

1

## OBJECTION

Petitioner objects to each and every claim filed against it by Douglas, and demands strict proof thereof. Petitioner further reserves all defenses and objections to each claim.

## REPLY TO DOUGLAS' AFFIRMATIVE DEFENSES

Petitioner denies each and every affirmative defense filed by Douglas and demands strict proof thereof.

## PETITIONER'S ANSWER TO DOUGLAS' CLAIM

1.      Admitted Claimant alleges damages in excess of the limitation fund, otherwise denied.

2.      Denied to the extent this paragraph alleges that the lawsuit bearing Case No.: 05-2023-CA-033268 was filed on June 28th, 2023. Remainder, admitted.

3.      Admitted.

4.      Denied as phrased.

5.      Admitted.

6.      Denied.

7.      Denied.

8.      Denied.

**All allegations not specifically admitted are hereby denied.**

WHEREFORE, Petitioner respectfully requests this Court dismiss Douglas' Claim, grant judgment in favor of Petitioner, and grant other relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES TO DOUGLAS' CLAIM

Petitioner incorporates and re-alleges its responses above as if fully set forth herein, and for its affirmative defenses alleges as follows:

### First Affirmative Defense

Douglas fails to state a cause of action for negligence under the Jones Act upon which relief may be granted.

### Second Affirmative Defense

Douglas fails to state a cause of action for unseaworthiness under the general maritime law upon which relief may be granted.

### Third Affirmative Defense

Douglas' alleged damages, if any, were caused either in whole or in part by Douglas' own negligent actions or inactions, including but not limited to the failure to exercise reasonable care for his own safety, and an award, if any, should be reduced accordingly by the principles of comparative fault.

**Fourth Affirmative Defense**

Douglas' own acts of negligence amount to a superseding cause that cuts off any causal connection between Petitioner's alleged negligence and Douglas' damages.

**Fifth Affirmative Defense**

Douglas failed to mitigate his damages, or alternatively, Douglas mitigated his damages, and therefore his damages, if any, should be reduced accordingly.

**Sixth Affirmative Defense**

Petitioner is entitled to a set-off for all sums of money recovered by or on behalf of Douglas by way of any settlement, judgment or otherwise, which was entered into or received by Douglas from any person or entity.

**Seventh Affirmative Defense**

Petitioner alleges Douglas' damages, if any, were caused either in whole or in part by the acts and/or omissions of third persons for whom Petitioner is not responsible and that said acts and/or omissions amount to a superseding cause or causes that cut off any causal connection between Petitioner's alleged negligence and Douglas' alleged damages.

**Eighth Affirmative Defense**

Petitioner owed no duty to Douglas at the time of the incident.

**Ninth Affirmative Defense**

Douglas cannot recover due to the primary duty doctrine.

**Tenth Affirmative Defense**

In the event liability is found on the part of Petitioner, which is at all times denied, Petitioner avers that it would be entitled to a credit for the amounts of all compensation, medical expenses, supplemental payments, advances, maintenance and/or cure paid to and/or on behalf of Douglas.

**Eleventh Affirmative Defense**

Douglas' alleged injuries, if any, were pre-existing and were neither caused nor aggravated by any act or omission of Petitioner. Therefore, Petitioner cannot be held liable for such injuries, as they would have been inevitably worsened. Alternatively, if Douglas was injured, liability extends only to the aggravation of the pre-existing conditions.

**Twelfth Affirmative Defense**

Petitioner had no duty to instruct Douglas on common sense matters, or to warn him of what he already knew or should have known.

**Thirteenth Affirmative Defense**

Petitioner asserts that Douglas knew of any hazard that ultimately caused his alleged injuries and confronted said hazard knowingly.

**Fourteenth Affirmative Defense**

Petitioner asserts that any alleged defect did not exist at the time of the alleged injury.

**Fifteenth Affirmative Defense**

Petitioner alleges it had no actual or constructive notice of any alleged hazardous conditions.

**Sixteenth Affirmative Defense**

Petitioner asserts that any alleged dangerous conditions, if any, were open and obvious to Douglas.

**Seventeenth Affirmative Defense**

Petitioner alleged Douglas misused the equipment which he claims injured him.

WHEREFORE, Petitioner BEYEL BROTHERS, INC., respectfully requests this Court dismiss the claim filed by DEXTER DOUGLAS with prejudice and enter judgment in Petitioner's favor, and grant such further relief as this Court deems just and proper.

**[SIGNATURE BLOCK IS ON THE FOLLOWING PAGE]**

Dated:    **February 22, 2024**        Respectfully submitted,

                        */s/ Brook K. Somerville*
                        **JULES V. MASSEE**
                        Florida Bar Number: 41554
                        jmassee@hamiltonmillerlaw.com
                        **BROOK K. SOMERVILLE**
                        Florida Bar No.: 1039688
                        bsomerville@hamiltonmillerlaw.com
                        Hamilton, Miller & Birthisel, LLP
                        100 South Ashley Drive, Suite 1210
                        Tampa, Florida 33602
                        Tel: 813-223-1900 / Fax: 813-223-1933
                        **SERVICE EMAIL**:
                        JVMserve@hamiltonmillerlaw.com
                        *Counsel for Petitioner, Beyel Brothers, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **February 22, 2024**, the foregoing document is being filed with this Court and served on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, via transmission of Notices of Electronic Filing generated by CM/ECF.

                        */s/ Brook K. Somerville*
                        Attorney

<u>**SERVICE LIST**</u>
<u>**CASE NO.: 6:23-cv-02315-PGB-LHP**</u>

**HOWARD S. GROSSMAN**
Florida Bar No.: 454771
<u>Howard@grossmanattorneys.com</u>
GROSSMAN ATTORNEYS AT LAW
1098 NW Boca Raton Blvd.
Boca Raton, Florida 33432
P: (561) 368-8048 / F: (561) 391-1193
Email:
<u>Pleadings@grossmanattorneys.com</u>
*Counsel for Dexter Douglas*