# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**BEYEL BROTHERS, INC.,**

      **Petitioner,**

v.   Case No: 6:23-cv-2315-PGB-LHP

**UNKNOWN POTENTIAL CLAIMANT(S) and DEXTER DOUGLAS,**

      **Claimants.**

_____/

## ORDER

This cause comes before the Court upon Claimant Dexter Douglas's ("**Douglas**") Motion to Dismiss for Lack of Subject Matter Jurisdiction. (Doc. 16 (the "**Motion**")). Petitioner Beyel Brothers, Inc. ("**Petitioner**") responded in opposition. (Doc. 18). Upon consideration, the Motion is due to be denied.

## I. BACKGROUND

This maritime action stems from an alleged incident involving Douglas and Petitioner's vessel—the Megan Beyel, a 1979 108.50' towing vessel bearing official number 608097 (the "**Vessel**"). (Docs. 1, 3).

The subject incident took place on December 22, 2021. (Doc. 1). While performing repair work aboard the Vessel, Douglas allegedly "grabb[ed] the end of

a wet extension cord that was powering a pump in the Vessel's rudder room." (Doc. 16, p. 2; Doc. 18, p. 3).[1]

Ultimately, on December 1, 2023, Petitioner filed the instant action for exoneration from or limitation of liability arising out of injuries Douglas sustained from the subject incident. (Doc. 1 (the "**Complaint**")). Douglas moved to dismiss the Complaint for being untimely pursuant to governing authority (Doc. 16), and Petitioner responded in opposition (Doc. 18).

## II. LEGAL STANDARD

The Eleventh Circuit has repeatedly highlighted that "it is extremely difficult to dismiss a claim for lack of subject matter jurisdiction." *Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.*, 104 F.3d 1256, 1260 (11th Cir. 1997); *see, e.g.*, *Simanonok v. Simanonok*, 787 F.2d 1517, 1519 (11th Cir. 1986). Rule 12(b)(1) attacks on subject matter jurisdiction may be facial or factual. *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009). For facial attacks, courts look to the face of the complaint, taking all allegations as true, and determine whether the plaintiff has sufficiently alleged standing. *Stalley*, 524 F.3d

---

[1] Shortly after the subject incident, on March 4, 2022, Douglas's attorney sent a letter to Petitioner informing Petitioner of his representation of Plaintiff (the "**Letter**"). (Doc. 16, p. 2; Doc. 18, p. 3). The Letter notified Petitioner of Douglas's "Jones Act claim for injuries that he sustained" while performing work on the vessel and requested evidence preservation. (Doc. 16, p. 2; Doc. 18, p. 3). Over a year later, on June 28, 2023, Douglas served Petitioner with a Florida state court lawsuit asserting claims for Jones Act negligence and unseaworthiness. (Doc. 16, p. 3; Doc. 18, p. 3).

Considering the basis of Petitioner's argument for dismissal is improper, the aforementioned information that speaks to Petitioner's "notice" of Douglas's potential claim is irrelevant. *See infra* Part III. Moreover, the Court notes that such information is not contained in the instant Complaint.

at 1232. Factual attacks, in contrast, allow a court "to consider extrinsic evidence such as deposition testimony and affidavits." *Carmichael*, 572 F.3d at 1279. Factual attacks place the burden on the plaintiff to show that jurisdiction exists. *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002). Factual attacks "challeng[e] the accuracy of the allegations, not their sufficiency." *Norkunas v. Seahorse NB, LLC*, 720 F. Supp. 2d 1313, 1314 (M.D. Fla. 2010), *aff'd*, 444 F. App'x 412 (11th Cir. 2011). Here, Douglas attempts to bring a factual attack on subject matter jurisdiction. (*See* Doc. 16).

### III. DISCUSSION

Douglas moves to dismiss Petitioner's admiralty action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (Doc. 16). Specifically, Douglas contends that the Complaint is time-barred under the Limitation of Liability Act and Supplemental Rule F(1) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("**Supplemental Rule F(1)**"), depriving the Court of subject matter jurisdiction. (*Id.*). Ultimately, the Court finds Douglas does not present a proper basis for the Court to dismiss this action under Rule 12(b)(1).

The procedures for commencing an exoneration from or limitation of liability action are governed by the Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.*,[2] and Supplemental Admiralty Rule F. Pursuant to the Limitation of

---

[2] The Court notes that code sections of the Limitation Act were renumbered, most recently, in 2022. Pertinent to the instant Motion, 46 U.S.C. § 30511—formerly 46 App. U.S.C. § 185—was renumbered as 46 U.S.C. § 30529. However, the relevant language has remained the same.

3

Liability Act, shipowners can limit liability for certain claims involving their vessel to the value of the vessel plus its then-pending freight. *See* 46 U.S.C. § 30529; *Orion Marine Constr., Inc. v. Carroll*, 918 F.3d 1323, 1325 (11th Cir. 2019). However, § 30529(a) of the Limitation of Liability Act provides that a vessel owner "may [only] bring a civil action in a district court of the United States for limitation of liability . . . within *6 months* after a claimant gives the owner written notice of a claim." § 30529(a) (emphasis added). Similarly, Supplemental Rule F(1) also imposes a six-month deadline for filing suit: "Not later than six months after receipt of a claim in writing, any vessel owner may file a complaint in the appropriate district court . . . for limitation of liability."

In the instant Motion, Douglas's sole argument is that the Complaint should be dismissed pursuant to Rule 12(b)(1) because it was not filed within the time frame provided by § 30529 and Supplemental Rule F(1). (*See generally* Doc. 16). Accordingly, Douglas contends that the Court lacks subject matter jurisdiction. (*Id.*). However, the Court finds such an argument misguided and unpersuasive.

Simply put, the Eleventh Circuit has made clear that "[t]he six-month filing deadline specified by 46 U.S.C. § 30511(a) is a non-jurisdictional claim-processing rule, and a shipowner's failure to meet it *does not deprive the district court of subject matter jurisdiction* but rather provides a basis on which to dismiss the owner's limitation action *on the merits*."[3] *Orion*, 918 F.3d at 1338 (emphasis

---

3    *See supra* note 2.

4

added);[4] *e.g.*, *In re Bertsch*, 540 F. Supp. 3d 1188, 1191 (S.D. Fla. 2021). Here, Douglas's entire argument for dismissal is premised on the erroneous position that the six-month timeframe imposed by the Limitation of Liability Act and Supplemental Rule F *is* jurisdictional. (Doc. 16, p. 6 ("[T]he motion at bar simply raises a jurisdictional issue . . . .")). Moreover, Douglas explicitly states that the Motion "does not seek to address the underlying merits of the instant action." (*Id.*).

Consequently, Douglas does not raise a proper basis for the Court to dismiss this action for lack of subject matter jurisdiction. *See Definitive Marine Survs. Inc. v. Tran*, 339 F. Supp. 3d 1292, 1308 (M.D. Fla. 2018) ("Because the 6-month deadline is non[-]jurisdictional, granting [claimant's] Rule 12(b)(1) motion to dismiss for lack of jurisdiction based on the boat owners' asserted untimely filing of the action, and in doing so necessarily considering the many letters, the affidavit, and other documents they present, is unwarranted."); *Matter of La Dolce Vita LLC*, No. 3:22CV6289/TKW/ZCB, 2022 WL 17266563, at *2 (N.D. Fla. Nov. 14, 2022), *report and recommendation adopted*, 2022 WL 17404304 (N.D. Fla. Dec. 2, 2022) (highlighting that the claimant's motion to dismiss, a factual attack under Rule 12(b)(1), provided "no basis" to dismiss the case because it relied on the non-jurisdictional six-month deadline).

---

[4] Douglas's argument is misguided as he largely relies on *In re Waterfront License Corp.*, 231 F.R.D. 693, 697 (S.D. Fla. 2005)—case law that was abrogated by the Eleventh Circuit's decision in *Orion*.

In sum, dismissing this action for lack of subject matter jurisdiction—considering the arguments raised—would directly conflict with Eleventh Circuit precedent. As such, the instant Motion must be denied.

## IV.   CONCLUSION

For the foregoing reasons, the Motion (Doc. 16) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on April 3, 2024.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties