**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

BEYEL BROTHERS, INC.,

    Petitioner,

v.      Case No:  6:23-cv-2315-PGB-LHP

UNKNOWN POTENTIAL
CLAIMANT(S) and DEXTER
DOUGLAS,

    Claimants

---

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** PETITIONER'S UNOPPOSED MOTION FOR ENTRY OF CLERK'S DEFAULT AGAINST ALL NON-APPEARING POTENTIAL CLAIMANTS (Doc. No. 32)
>
> **FILED:** March 13, 2024
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

I.     BACKGROUND.

On December 1, 2023, Petitioner Beyel Brothers, Inc., as owner of the towing vessel Megan Beyel bearing official number 608097 ("the Vessel"), filed a Complaint for Exoneration from or Limitation from Liability, seeking exoneration from or limitation of liability for all property loss, damages, personal injury and/or casualty alleged to have occurred as a result of an incident involving the Vessel on December 22, 2021.  Doc. No. 1.  On December 6, 2023, the Court entered an Order Approving Ad Interim Stipulation of Value and Directing Issuance of Monition and Injunction.  Doc. No. 8.  The Order provided, in relevant part, that anyone claiming damage as a result of the incident giving rise to this action must file their claims with the Clerk of Court and serve Petitioner's attorney with a copy thereof on or before February 1, 2024.  *Id.* at 2; *see also* Doc. No. 9, at 2.[1]  The Order further provided:

> **IT IS FURTHER ORDERED** that a public notice of said Monition be given by publication as required by Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, once each week for four successive weeks in "The Florida Today" in Brevard County, prior to the date fixed for the filing of claims in accordance with Supplemental Rule F and ***that not later***

---

[1] The Order Approving Ad Interim Stipulation of Value and Directing Issuance of Monition and Injunction actually references February 1, 2023, Doc. No. 8, at 2, but that appears to be a scrivener's error given that the Order issued on December 6, 2023, and the separately issued Order issuing limitation injunction and monition references February 1, 2024.  *See* Doc. No. 9, at 2.

> *than the date of the second weekly publication, a copy of said notice to be mailed by Petitioner to every person or corporation known by the Petitioner to have a claim against Petitioner arising out of the incident set forth in the Complaint.*

*Id.* (emphasis added).

On January 16, 2024, Petitioner filed a Proof of Publication stating that Petitioner complied with the newspaper publication requirements. Doc. No. 17. And on January 10, 2024, one potential claimant, Dexter Douglas, appeared in this case, has contested Petitioner's claims, and litigation as to Mr. Douglas is ongoing. *See* Doc. Nos. 16, 21, 35.

On February 2, 2024, Petitioner filed a motion for Clerk's default against all non-appearing potential claimants, which default subsequently entered. Doc. Nos. 22–24. Now, by the above-styled motion, Petitioner moves for final default judgment against all non-appearing potential claimants. Doc. No. 32. The motion has been referred to the undersigned. Upon review, and for the reasons discussed below, the motion will be denied without prejudice.

**II.  ANALYSIS.**

An owner of a vessel may file an action to exonerate or limit liability from claims arising out of maritime accidents, following the procedure set forth in Supplemental Rule F(1) by filing a complaint and providing security. Fed. R. Civ. P. Supp. R. F(1). Upon compliance with Supplemental Rule F(1):

> [T]he court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice. The date so fixed shall not be less than 30 days after issuance of the notice. . . . The notice shall be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims. *The plaintiff not later than the day of second publication shall also mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose.* In cases involving death a copy of such notice shall be mailed to the decedent at the decedent's last known address, and also to any person who shall be known to have made any claim on account of such death.

Fed. R. Civ. P. Supp. R. F(4) (emphasis added).

Here, Petitioner has not shown that the requirements of Supplemental Rule F have been satisfied. While Petitioner filed on the docket Proof of Publication stating that Petitioner complied with the newspaper publication requirements, Doc. No. 17, Plaintiff did not likewise file any evidence that a copy of the notice was also mailed "to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose." *See id.*; *see also* Doc. No. 8. Nor is this requirement addressed in Petitioner's motion for default judgment. *See* Doc. No. 32. Accordingly, Petitioner has not demonstrated compliance with Supplemental Rule F(4), or the Court's Order Approving Ad Interim Stipulation of Value and Directing Issuance of Monition and Injunction, Doc. No. 8, and the motion for default judgment is due

to be denied without prejudice. *See, e.g., Brier v. Unknown Potential Claimant(s)*, No. 6:24-cv-268-ACC-DCI, 2024 WL 2187324, at *2 (M.D. Fla. May 15, 2024) (denying without prejudice motion for default judgment filed by same counsel for same reason); *see also Complaint of King Mar. & Equip. LLC*, No. 6:19-cv-458-Orl-40LRH, 2020 WL 9454946, at *1 n.1 (M.D. Fla. Mar. 31, 2020) (noting that the court denied a previous motion for default judgment because the petitioner had not shown it mailed a copy of the Notice of Monition in accordance with Supplemental Rule F), *report and recommendation adopted*, 2020 WL 9454928 (M.D. Fla. Apr. 15, 2020). Thus, a renewed motion must address whether all of the requirements of Supplemental Rule F and the Court's December 6, 2023 Order have been satisfied, by submission of evidence in support.

### III.   CONCLUSION.

For the reasons discussed herein, Petitioner's Unopposed Motion for Entry of Final Default Judgment Against All Non-Appearing Potential Claimants (Doc. No. 32) is **DENIED without prejudice**.   On or before **June 12, 2024**, Petitioner shall file a renewed motion for default judgment addressing the issues outlined in this Order.

**DONE** and **ORDERED** in Orlando, Florida on May 29, 2024.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties