**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

BEYEL BROTHERS, INC.,

        Petitioner,

v.                                                                           Case No:   6:23-cv-2315-PGB-LHP

UNKNOWN POTENTIAL
CLAIMANT(S) and DEXTER
DOUGLAS,

        Claimants

---

**ORDER**

      Before the Court is Petitioner Beyel Brothers, Inc.'s Time Sensitive Motion to Compel a Rule 35 Neuropsychological Examination and to Modify the Amended Case Management Order. Doc. No. 51. Although the motion states that Claimant Dexter Douglas opposes, *id.* at 7, Mr. Douglas has not responded to the motion, and his time for doing so has expired. *See* Local Rule 3.01(c). Accordingly, the Court deems the motion to be unopposed in all respects. *See id.* Upon review, given the lack of opposition, the request for a Rule 35 neurological examination is due to be granted, and Petitioner's request to extend case deadlines will be granted in part and denied without prejudice in part, for the reasons discussed below.

On December 1, 2023, Petitioner, as owner of the towing vessel Megan Beyel bearing official number 608097 ("the Vessel"), filed a Complaint for Exoneration from or Limitation from Liability, seeking exoneration from or limitation of liability for all property loss, damages, personal injury and/or casualty alleged to have occurred as a result of an incident involving the Vessel on December 22, 2021.  Doc. No. 1.  Mr. Douglas appeared in this case and filed a claim, alleging bodily injury, physical pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, lost earnings, and/or loss of ability to earn, expense of hospitalization, medical and nursing care, diagnostics, medicine and injury/related treatment, aggravation of a previously existing condition, and activation of a latent condition as a result of the December 22, 2021 incident.  Doc. No. 21.  Mr. Douglas also disclosed pre- and post-incident neurological and psychological injuries.  Doc. No. 51-2.  Mr. Douglas suffers symptoms of depression and anxiety, suggesting PTSD, and experiences residual neurological deficits.  Doc. No. 51, at 4; Doc. Nos. 51-3, 51-4.  Mr. Douglas's experts agree that Mr. Douglas would benefit from neuropsychological evaluation. *Id.*

So, Petitioner moves to compel Mr. Douglas to appear for a neuropsychological examination pursuant to Federal Rule of Civil Procedure 35, arguing that Mr. Douglas has placed his neuropsychological state in controversy

based on the above. Doc. No. 51. Petitioner requests that Mr. Douglas appear for examination by Dr. Jason Demery—a licensed psychologist, board-certified neuropsychologist, and licensed emergency medical technician—on April 18, 2025, at 10:00 a.m., in Jacksonville, Florida. *Id.* at 5. The scope of the examination will include:

> Dr. Demery's examination will be non-invasive and will include a clinical interview including psychological history and a mental health history relevant to Claimant's medical and psychological conditions in controversy. Dr. Demery *may* perform the following tests if, based on his evaluation, he determines they are relevant to Claimant's psychological claims and/or condition: Rey-15 Item; Wechsler Adult Intelligence Scale, 4th Edition (Select Subtests); Test of Premorbid Functioning; California Verbal learning Test, 2nd Edition; Trauma Symptom Inventory, 2nd Edition; D-KEFS Verbal Fluency Tests; Trail Making Test; Beck Depression Inventory, 2nd Edition; State Trait Anxiety Inventory; and Minnesota Multiphasic Personality Inventory, 2nd Edition, Restructured Form.

*Id.* at 5 n.2. As discussed above, the request is unopposed. *See* Local Rule 3.01(c).

Federal Rule of Civil Procedure 35 provides: "The court where the action is pending may order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control." Fed. R. Civ. P. 35(a). The party moving for an examination under Federal Rule of Civil Procedure 35 has the burden of establishing that the examinee's physical or mental condition is in controversy and that there is good

cause for the Court to order the examination. Fed. R. Civ. P. 35(a); *Schlagenhauf v. Holder*, 379 U.S. 104, 118–19 (1964). The Order setting a Rule 35 examination must "specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2)(B).

Here, Petitioner has demonstrated that Mr. Douglas has placed his neuropsychological condition at issue in this case, and good cause exists to require Plaintiff to submit to a neuropsychological examination pursuant to Federal Rule of Civil Procedure 35. *Cf. Schlagenhauf*, 379 U.S. at 119 ("A plaintiff in a negligence action who asserts mental or physical injury . . . places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury."); *see also, e.g., Griffith v. Santillan*, No. 3:19-CV-00053, 2019 WL 5396750, at *2 (S.D. Tex. Oct. 21, 2019) (ordering Rule 35 examination in admiralty case upon showing of good cause and that the claimant's condition was placed in controversy). Accordingly, Petitioner's Motion to Compel a Rule 35 Neuropsychological Examination (Doc. No. 51) is due to be granted in this regard.

Petitioner also requests that certain case deadlines be extended accordingly, in that Petitioner was unable to schedule the examination before Dr. Demery within the current discovery period or before its expert disclosure deadline. Doc. No. 51, at 6; *see* Doc. No. 44 (setting March 28, 2025 discovery deadline), Doc. No. 50 (setting

March 21, 2025 Petitioner expert report deadline).  So, Petitioner seeks to extend both deadlines to May 9, 2025 to allow Dr. Demery's examination.  Doc. No. 51, at 6.  Absent objection from Mr. Douglas, the Court also finds this request well taken.

However, Petitioner speculates that the dispositive motions deadline (May 5, 2025, *see* Doc. No. 44), "would potentially be affected" as well, and thus proposes extending that deadline too until May 26, 2025.  *Id.*  But this request is not only speculative, but fails to comply with the requirements of the Case Management and Scheduling Order.  *See* Doc. No. 44, at 6 ("Motions to extend the dispositive motions deadline or to continue trial are generally denied.  The Court will grant an exception only when necessary to prevent manifest injustice. . . . . The Court cannot extend a dispositive motions deadline to the eve of trial.  In light of the district court's heavy felony trial calendar, at least 4 months are required before trial to receive memoranda in opposition to a motion for summary judgment and to research and resolve the dispositive motion sufficiently in advance of trial.").  Thus, this request will be denied without prejudice.  *See id.*

For the reasons discussed herein, it is **ORDERED** as follows:

1. Petitioner Beyel Brothers, Inc.'s Time Sensitive Motion to Compel a Rule 35 Neuropsychological Examination and to Modify the Amended Case Management Order (Doc. No. 51) is **GRANTED in part**.

2. Mr. Douglas is **ORDERED** to appear for neuropsychological examination by Dr. Jason Demery on **April 18, 2025, at 10:00 a.m., in Jacksonville, Florida.** <u>Petitioner shall forthwith provide Mr. Douglas the address for examination</u>. The examination will be non-invasive and will include a clinical interview including psychological history and a mental health history relevant to Mr. Douglas's medical and psychological conditions in controversy. Dr. Demery *may* perform the following tests if, based on his evaluation, he determines they are relevant to Mr. Douglas's psychological claims and/or condition: Rey-15 Item; Wechsler Adult Intelligence Scale, 4th Edition (Select Subtests); Test of Premorbid Functioning; California Verbal learning Test, 2nd Edition; Trauma Symptom Inventory, 2nd Edition; D-KEFS Verbal Fluency Tests; Trail Making Test; Beck Depression Inventory, 2nd Edition; State Trait Anxiety Inventory; and Minnesota Multiphasic Personality Inventory, 2nd Edition, Restructured Form.

3. The **discovery deadline** is extended up to and including **May 9, 2025**, for the **sole and limited purpose** of accommodating Dr. Demery's examination and subsequent report. Petitioner's expert disclosure deadline is likewise extended to **May 9, 2025** for this purpose. **No other deadlines are extended by this Order,** *see* **Doc. No. 44, nor will this Order alone**

**provide good cause to request an extension of any other deadline in this case.**

4. Petitioner's Motion (Doc. No. 51) is **DENIED without prejudice in all other respects**.

**DONE** and **ORDERED** in Orlando, Florida on March 27, 2025.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties